PEDRO CONCEPCIÓN PACHECO, demandante y recurrido, *v.* JUAN N. TORRUELLAS Y OTROS, demandados y recurrentes.

*Número:* R-75-386        *Resuelto:* 23 de julio de 1976

*Miriam Naveira de Rodón, Procuradora General,* y *Federico Cedo Alzamora, Procurador General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico; *E. L. Belén Trujillo,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Pedro Concepción Pacheco, aquí recurrido, fue privado fraudulentamente de un billete de la lotería que resultó premiado en la cantidad de $4,000.00. Antes del sorteo presentó una declaración jurada al Negociado de la Lotería, conforme lo dispuesto en el Art. 10 de la Ley de la Lotería de Puerto Rico, Núm. 465 de 15 de mayo de 1947, 15 L.P.R.A. sec. 120. No obstante, el Negociado de la Lotería pagó el premio posterior-

mente a Juan N. Torruellas, quien había presentado al cobro la fracción premiada.

El tribunal de instancia declaró con lugar la demanda instada por Concepción Pacheco contra el Secretario de Hacienda ordenándole a éste pagar el billete premiado. Pacheco desistió de su reclamación contra Torruellas.

El Procurador General nos pide la revocación de la sentencia señalando como error la conclusión del tribunal de instancia de que la radicación de la declaración jurada tiene el efecto de paralizar el pago del premio.

El Art. 10 de la Ley de la Lotería dispone:

"Salvo lo dispuesto en las secs. 111 a 127 de este título, los billetes sobrantes de cada sorteo serán jugados por cuenta del Gobierno de Puerto Rico y los premios que a dichos billetes sobrantes tocaren, así como los de los billetes extraviados o rotos, o no cobrados o hurtados que no hubieren sido reclamados según lo dispuesto en la presente sección quedarán para beneficio de, y serán ingresados en los fondos generales del Gobierno de Puerto Rico.

Cualquier persona a quien se le extravíen, destruyan en cualquier forma o le sean hurtados billetes o fracciones de billetes de la lotería, que desee establecer en su día una reclamación para en caso de que dichos billetes resulten premiados, deberá radicar ante el Director del Negociado de la Lotería o enviar por correo certificado una declaración jurada no menos de veinticuatro (24) horas antes de la fecha en que había de celebrarse el sorteo a que corresponden los billetes o fracciones. Se hará constar en dicha declaración jurada el hecho de la pérdida, destrucción o hurto de los billetes o fracciones y las circunstancias envueltas en la misma.

En este caso, los fondos correspondientes a los premios de billetes o fracciones de billetes en controversia permanecerán en el 'Fondo de la Lotería' hasta tanto se adjudique el derecho al cobro de los mismos.

Si transcurrido el término de seis (6) meses que concede la sec. 122 de este título para el cobro de billetes premiados aparecieren pendientes de pago el billete o las fracciones de billete a que se refiere la declaración jurada antes mencionada, el Director

del Negociado de la Lotería deberá proceder a hacer el pago del premio que corresponda a la persona que suscribe la declaración jurada."

El Procurador General sostiene que el mecanismo administrativo establecido en el transcrito Art. 10 sólo tiene el propósito de autorizar el pago directamente al reclamante cuando ha transcurrido el término de 6 meses y no se haya presentado al cobro el billete. Arguye que si el billete se ha presentado al cobro dentro del término de seis meses el Negociado de la Lotería tiene que pagar el premio al tenedor del billete en ausencia de una orden judicial. Su interpretación limita el alcance del Art. 10 únicamente al pago del billete extraviado, destruido o hurtado cuando no hay controversia.

No estamos de acuerdo.

Del texto del Art. 10 se desprende claramente que de resultar premiado un billete sobre el cual se ha hecho al Negociado de la Lotería una reclamación por lo menos veinticuatro horas antes del sorteo por haberse el mismo perdido, destruido o hurtado, los fondos correspondientes al premio permanecerán en el "Fondo de la Lotería" hasta tanto se adjudique el derecho al cobro de los mismos. En consecuencia, el Negociado de la Lotería no puede proceder al pago del billete premiado hasta tanto un tribunal disponga sobre la controversia con respecto al mismo.

El propósito evidente es hacer menos oneroso el cobro de billetes pérdidos, destruidos o hurtados, facilitando el pago del billete premiado al reclamante cuando no haya controversia sobre el mismo, si éste ha notificado al Negociado de la Lotería del hecho de la pérdida, destrucción o el hurto mediante una declaración jurada. Si hay controversia entre el reclamante, entonces, hay que acudir, como en todos los casos de conflicto de derechos, al recurso judicial, y, mientras no se resuelva judicialmente la controversia no puede el Negociado de la Lotería proceder al pago. De otra manera, estaría efectuando un pago sobre un billete en controversia que finalmente

podría resultar indebido. Si esa es la norma deseable para el Negociado de la Lotería, debe el Secretario de Hacienda propulsar legislación al efecto en la Asamblea Legislativa.

*Se dictará sentencia confirmando la recurrida.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau no intervienen. El Juez Asociado Señor Martín concurre en el resultado.